Turner ANSLEY, Plaintiff,

v.

AMERIQUEST MORTGAGE
CO., Defendant.

No. SA CV 02–12 AHS(MLGX).

United States District Court,
C.D. California,
Southern Division.

April 9, 2002.

Jeffrey Wilens, Esquire, Mission Viejo, CA, for plaintiff.

Rachael H. Berman, Esquire, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, for defendants.

ORDER REMANDING CASE TO STATE COURT AND AWARDING FEES TO PLAINTIFF'S COUNSEL

STOTLER, District Judge.

## I.

### PROCEDURAL BACKGROUND

On December 3, 2001, plaintiff filed a Complaint in the Orange County Superior Court, Case No. 01CC00220. Defendant filed a Notice of Removal on January 4, 2002, and a corrected Notice of Removal on January 16, 2002. On February 28, 2002, plaintiff filed a motion to remand and request for attorney's fees. On March 18, 2002, defendant filed an opposition, and plaintiff filed a reply on March 25, 2002.

The matter was noticed for hearing on the Court's April 1, 2002 calendar. The Court found the matter appropriate for resolution on the briefs without oral argument. *See* Local Rule 7–15 (the Court may dispense with oral argument on any matter unless otherwise required); Fed. R.Civ.P. 78. The matter was, therefore, removed from the Court's hearing calendar, the parties were duly informed, and the motion was taken under submission.

Having considered the parties' filings, the pleadings on file, and the relevant case law, the Court grants plaintiff's motion for remand. The Court also finds that plaintiff's request for attorney's fees is well-taken and therefore awards fees under 28 U.S.C. § 1447(c).

## II.

### DISCUSSION

**A. Summary of Complaint**

The complaint alleges one claim for violation of the California Consumer Legal Remedies Act, Civil Code § 1770, *et seq.*, averring that defendant's mortgage documents contain prepayment penalty assessment provisions which require payment in excess of the amounts allowed by California law. Plaintiff's second claim alleges that the foregoing conduct constitutes unfair business practices under California Business and Professions Code § 17200, *et seq.* Referenced in the complaint, and attached to plaintiff's motion for remand, is the operative agreement for the parties' mortgage transaction, with a paragraph

describing the "governing law" which reads in full as follows:

12. Governing Law Provision This Note and the related Security Interest are governed by the Alternative Mortgage Transaction Parity Act of 1982, 12 USC § 3802 et seq., and, to the extent not inconsistent therewith, Federal and State law applicable to the jurisdiction of the Property.

## B. Motion for Remand

■ Federal question jurisdiction exists only when the federal question is apparent on the face of a well-pleaded complaint. *See Caterpillar v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The "well-pleaded complaint" rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Indeed, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393, 107 S.Ct. 2425 (emphasis in original).

■ However, the preemptive force of a federal statute may, on occasion, completely preempt a state claim, such that the state law claim will effectively be considered a federal claim for purposes of the "well-pleaded complaint" rule. *Id.* The complete preemption doctrine is not applicable merely because a state court would have to interpret a federal statute in order to decide the merit of a claim. *Id.* at 398, 107 S.Ct. 2425. The preemptive force of the federal statute must displace any state cause of action for the alleged violation. *Id.* at 394, 107 S.Ct. 2425. Further, courts are reluctant to infer federal preemption of fields of traditional state regulation "unless that was the clear and manifest purpose of Congress." *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997).

Defendant argues that federal jurisdiction is proper because plaintiff's claims are completely preempted by the Alternative Mortgage Transactions Parity Act of 1982, 12 U.S.C. §§ 3801, *et seq.* ("Parity Act") and applicable regulations promulgated by the Office of Thrift Supervision ("OTS"). *See* Opp. at 1:15–16. In support of its position, defendant cites *National Home Equity Mortgage Ass'n v. Face*, 239 F.3d 633 (4th Cir.2001) and *Shinn v. Encore Mortgage Serv., Inc.*, 96 F.Supp.2d 419 (D.N.J.2000). Both courts found that the Parity Act preempted state laws restricting prepayment fees. *See Face*, 239 F.3d at 639; *Shinn*, 96 F.Supp.2d at 423.

Plaintiff, on the other hand, argues that defendant's arguments go to a defense on the merits but fail to support removal jurisdiction. For example, plaintiff cites *Black v. Financial Freedom Senior Funding Corp.*, 92 Cal.App.4th 917, 112 Cal. Rptr.2d 445 (Cal.App. 1 Dist.2001), *review denied by* California Supreme Court (Jan. 23, 2002). In *Black*, plaintiffs filed a state court action against nonfederally chartered lenders and their employees for violating several state laws in the marketing of reverse mortgages. *Id.* The trial court granted defendants' motion for summary judgment on the basis that federal laws, including the Parity Act, preempted plaintiffs' claims. *Id.*

On appeal, the court in *Black* construed § 3803(c) of the Parity Act to reserve ample room for state regulation because there were only four federal regulations with which the transactions of housing creditors must comply. *Id.* at 930, 112 Cal.Rptr.2d 445. The *Black* court held that the Parity Act did not expressly or impliedly preempt all state laws concerning the terms and marketing of alternative mortgage transac-

tions and reversed the entry of summary judgment for defendants. *Id.* at 931, 112 Cal.Rptr.2d 445.

■ As plaintiff suggests, the cases relied on by defendant, *Face* and *Shinn,* are distinguishable from this case. While these cases dealt with whether the Parity Act preempted state law, neither case held that the Parity Act completely preempted state law so as to confer exclusive federal jurisdiction. *See Face,* 239 F.3d at 636; *Shinn,* 96 F.Supp.2d at 420. The fact that the Parity Act may preempt plaintiff's claims is not sufficient to establish jurisdiction in federal court. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425. That fact, if it is a fact, goes to the merits of defendant's defense. In order for the district court to have jurisdiction over plaintiff's claims, the Parity Act must completely preempt all California laws that could relate to alternative mortgage transactions, such that plaintiff could not maintain any claim under state law. *Id.*

"[T]he Parity Act and the regulations, to which it explicitly refers, provide that when a non-federally chartered housing creditor elects to be governed by federal law and complies with that law," the creditor may charge prepayment fees greater than those authorized by state law. *Face,* 239 F.3d at 639. *Face* recognized that the Parity Act allows creditors to make loans pursuant to federal guidelines if the creditor meets specific qualifications and if it follows the federal regulations. Some loans do not qualify to "reap the benefits of the Parity Act's preemption." *See Shinn,* 96 F.Supp.2d at 423. The Parity Act does not control every alternative mortgage issued by every creditor in every situation. Accordingly, it cannot be said that the Parity Act completely preempts California law for jurisdictional purposes.

It should be emphasized that this Order of remand does not decide whether the Parity Act does or does not preempt plaintiff's state law claims. Whether defendant's loan qualifies to be regulated by the Parity Act and whether the Parity Act preempts plaintiff's claims are questions going to the merits of plaintiff's claims and defendant's defense and must be decided by the court hearing the case. Resolution of these issues is separate and apart from the jurisdictional analysis.

## C. Request for Attorney's Fees

■ Title 28 U.S.C. § 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court may award attorney's fees when a defendant's removal is wrong as a matter of law. *Balcorta v. Twentieth Century Fox–Film,* 208 F.3d 1102, 1106 n. 6 (9th Cir.2000); *see also Moore v. Permanente Med. Group, Inc.,* 981 F.2d 443, 448 (9th Cir.1992) (bad faith need not be demonstrated to award fees). The Court notes that defendant did not, and presumably cannot, provide any authority in support of its argument that the Parity Act completely preempts California law so as to justify removal. As earlier discussed, state court jurisdiction is evident. Based on the declarations of plaintiff's counsel, the Court finds an award of attorney's fees in the amount of $3,600 just and proper.

## III.

## *CONCLUSION*

Accordingly, and for the reasons discussed above, the Court remands this action to the Superior Court of California for the County of Orange. In addition, the Court grants plaintiff's request for attorney's fees. Defendant is ordered to pay forthwith to counsel for plaintiff the sum of $3,600.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action. The Clerk shall also provide a copy to the Clerk of the Orange County Superior Court for filing in Case Number 01CC00220.